SLIP OPINION



Cite as 2013 Ark. App. 485

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–12–1040

| | | |
|---|---|---|
| | | **Opinion Delivered** SEPTEMBER 11, 2013 |
| GREGG ANDERSON | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. DR–07-951-1] |
| V. | | |
| | | HONORABLE BOBBY D. MCCALLISTER, JUDGE |
| BRANDY THOMAS | APPELLEE | REBRIEFING ORDERED |

**KENNETH S. HIXSON, Judge**

This appeal involves the modification of custody of two minor children. Because the appellant has submitted a brief without a complete addendum in violation of Arkansas Supreme Court Rule 4–2(a)(8), we order appellant to file a supplemental addendum.

Gregg Anderson, appellant, and Brandy (Thomas) Anderson, appellee, were divorced in Saline County Circuit Court on January 6, 2009. The parties agreed at the time of divorce that they would share joint custody of their minor children, but that Gregg would have primary custody subject to Brandy's specific visitation rights. On May 4, 2010, the parties entered into an agreed order that allowed Gregg to move to Conway with the children and live with his new wife, Sandy. Under the agreed order, Gregg remained the primary custodian and Brandy's visitation was modified.

SLIP OPINION

On May 4, 2011, Brandy filed a motion to change custody in Saline County Circuit Court, and Gregg filed a countermotion. After multiple hearings, the trial court entered an order on August 7, 2012, finding that there had been a material change in circumstances and awarding primary custody to Brandy. Gregg appeals, arguing that the trial court erred in finding that there had been a material change of circumstances affecting the best interests of the children.

In the trial court's order it based its finding of a material change in circumstances on several factors, including a video of Brandy and her father. This video, a DVD designated as exhibit 2 and played before the trial court, is a recording of a confrontation that occurred in the presence of the children during one of the visitation exchanges between the parties. Arkansas Supreme Court Rule 4–2(a)(8)(A)(i) requires the addendum to include all items that are essential for the appellate court to understand the case and decide the issues on appeal, including exhibits such as DVDs. Because the appellant has failed to include this DVD in his addendum, his brief is not in compliance with the above rule and we are unable to reach the merits of the appeal.

Arkansas Supreme Court Rule 4–2(b)(4) provides:

> If the appellate court determines that deficiencies or omissions in the abstract or addendum need to be corrected, but complete rebriefing is not needed, then the court will order the appellant to file a supplemental abstract or addendum within seven calendar days to provide the additional materials from the record to the members of the appellate court.

Appellant's addendum is deficient because it lacks the video of Brandy and her father confronting appellant during a visitation exchange. Because this video was specifically relied

on by the trial court in reaching its decision to change custody, it is essential to an understanding of the case. Accordingly, we order appellant to file a supplemental addendum in compliance with Rule 4–2 within seven calendar days from the date of this opinion. We encourage appellant, prior to filing the supplemental addendum, to review our rules as well as the record and addenda to ensure that no other deficiencies are present.

Rebriefing ordered to file a supplemental addendum.

WHITEAKER and VAUGHT, JJ., agree.

*Bristow & Richardson, PLLC*, by: *Melissa B. Richardson*, for appellants.

*Blair & Stroud*, by: *Robert D. Stroud*, for appellee.

SLIP OPINION